UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VITALIY BERYEZIN,
as Personal Representative of the Estate
of Sergey Devyatkin,

          Plaintiff,

  v.

SYNAGRO WEST LLC, et al.,

          Defendants.

CASE NO. 3:21-cv-5919-BHS

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND ORDER OF REMAND

This matter comes before the Court on Plaintiff Vitaliy Beryezin's Motion to Amend Complaint, Dkt. 14. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and grants the motion for the reasons stated below.

## I.    BACKGROUND

In 2020, Sergey Devyatkin was employed by Defendant American Process Group, Inc. ("APGI"), which won a bid from the City of Marysville to remove biosolids from the City's wastewater treatment plant. Dkt. 1-2, ¶¶ 10, 11, 30. To complete the project, APGI used a dual auger temporary sludge dewatering system which extracted water from debris

ORDER - 1

dredged from sewage treatment settlement ponds. *Id.* ¶ 16. The debris was dredged from the settlement ponds and deposited on top of the "screening unit" of the dewatering system, which featured a series of metal, rectangular screens over the tank and rotating augers that processed the debris. *Id.* ¶ 17. Devyatkin was assigned to clean the screening unit on the morning of August 13, 2020, which required him to walk on top of the unit. *Id.* ¶ 30. One of the panels had been removed and Devyatkin fell through the hole created by the missing panel, into the rotating augers, causing his death. *Id.*

In November 2021, Plaintiff Vitaliy Beryezin, as Personal Representative of the Estate of Sergey Devyatkin, sued Defendants APGI, Synagro West, LLC, and Synagro-WWT, Inc., in Pierce County Superior Court for injuries related to Devyatkin's death. Dkt. 1-2. He sued APGI for deliberate indifference and negligence and Synagro-West and Synagro-WWT for defective design and failure to warn under the Washington Product Liability Act, RCW Ch. 7.72 *et seq.*, breach of implied warranties, and negligence. *Id.* ¶¶ 50–74. He seeks damages, fees, and costs. *Id.* at 32–33.

APGI removed this action to this Court in December 2021 pursuant to 28 U.S.C. § 1441(b), alleging that none of the defendants were Washington residents and that the amount in controversy exceeded $75,000. Dkt. 1. Plaintiff moves to amend his complaint to join the City of Marysville and two other Synagro entities (Synagro Technologies, Inc. and Synagro-Hypex LLC) as defendants. Dkt. 14. He also seeks to substitute Bradford Fulton as the personal representative of Devyatkin's estate. *Id.* Synagro West and Synagro-WWT argue that Synagro West, Synagro-WWT, and Synagro Technologies are not proper defendants because they had nothing to do with the machine at issue in this

case. Dkt. 21. Synagro West and Synagro-WWT did not oppose joining the City of Marysville and Synagro-Hypex, or substituting the personal representative, and APGI did not respond to Plaintiff's motion.

## II.  DISCUSSION

Leave to amend a complaint under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Cap.*, 316 F.3d at 1052.

Plaintiff's motion to amend to join the City of Marysville as a defendant is unopposed and appropriate. Under 28 U.S.C. § 1447(e), courts may "deny joinder, or permit joinder and remand the action to the State court" if a "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction." Joinder under § 1447(e) is subject to the Court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The City of Marysville owned the treatment plant where the incident occurred and is clearly an appropriate party to this case. Therefore, Plaintiff's motion to amend to join

the City of Marysville as a defendant is GRANTED. Similarly, Plaintiff's unopposed motion to substitute Bradford Fulton as the Personal Representative of Devyatkin's Estate is GRANTED.

Joinder of the City of Marysville defeats federal jurisdiction. Although Plaintiff never specifically asks the Court to remand this case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (holding that under § 1447(c), the district court *must* remand if it appears it lacks subject matter jurisdiction). Therefore, this case is REMANDED to Pierce County Superior Court.

Synagro West and Synagro-WWT dispute only the joinder of Synagro Technologies, Inc., arguing that it, like them, "had nothing to do with the subject screener."[1] Dkt. 21 at 2–3. Plaintiff argues that Defendants' "contentions remain to be established" and that Defendants failed to submit any "competent evidence" to support their contentions. Dkt. 23 at 2.

Defendants do not dispute joining Synagro-Hypex, and Plaintiff's motion to amend to join that entity is therefore GRANTED. Plaintiff seeks to assert the same claims arising from the same incident against Synagro Technologies, Inc. as he asserts against the other Synagro Defendants. *See* Dkt. 15-1. Synagro West and Synagro-WWT seem to

---

[1] Synagro West and Synagro-WWT also take issue with being named as defendants in this lawsuit, arguing that they too had nothing to do with the subject screener. The Court will not dismiss them as defendants *sua sponte*.

be asserting that adding Synagro Technologies would be futile and possibly even in bad faith because they have informed Plaintiff that Synagro Technologies was never involved with the subject screener.

Plaintiff is not required to take Defendants at their word and an asserted lack of liability is not a reason to deny amendment. Plaintiff's motion to amend was timely, and there is no suggestion Defendants will be prejudiced by amendment. There is no suggestion that Plaintiff is acting in bad faith, and his claims are not facially futile. In fact, Plaintiff submitted evidence from Synagro's own website suggesting that in 2020, Synagro Technologies purchased dewatering systems from the same company that sold one of the Synagro entities the dewatering system at issue. *See* Dkt. 15-3.

Therefore, joinder of Synagro Technologies, Inc. is warranted, and Plaintiff's motion to amend on that ground is GRANTED. To the extent Synagro Technologies or any other Defendant had no involvement with the product at issue as a factual matter, it can address that defense through appropriate motions in state court.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Vitaliy Beryezin's Motion to Amend, Dkt. 14, is **GRANTED**. The Clerk shall remand this action to Pierce County Superior Court and close this case.

Dated this 14th day of April, 2022.

BENJAMIN H. SETTLE
United States District Judge